**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4310

DONALD EUGENE PUCKETT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-96-30-A)

Submitted: December 30, 1997

Decided: June 22, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph F. Dene, DENE & DENE, P.C., Abingdon, Virginia, for
Appellant. Robert P. Crouch, Jr., United States Attorney, Rick A.
Mountcastle, Assistant United States Attorney, Abingdon, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald Eugene Puckett appeals the 188-month sentence he received after he pled guilty to three counts of being a felon in posses- sion of a firearm, see 18 U.S.C.A. § 922(g)(1) (West Supp. 1998), and four counts of possession of an unregistered destructive device, see 26 U.S.C. §§ 5861(d), 5871 (1994). Puckett contends that the district court erred in departing above the applicable guideline range pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1995). For the reasons explained below, we vacate the sentence and remand for resentencing.

The district court concluded that Puckett's offense level of 28, combined with his Criminal History Category III, resulted in an appli- cable guideline range was 97-121 months. Puckett did not receive criminal history points for 14 of his prior sentence because those sen- tences were imposed more than ten years before commencement of instant offenses and were for less than a year and a month imprison- ment. See U.S.S.G. § 4A1.2(e). Relying on these prior uncounted sen- tences, the district court found that Puckett had engaged in a pattern of serious criminal conduct since the age of 17, that he had 12 uncounted offenses of an assaultive or destructive nature, and that he had shown an unusual pattern of serious criminality involving alco- hol, drugs, firearms, and mental instability. Thus, the district court concluded that an upward departure pursuant to U.S.S.G.§ 4A1.3 was appropriate. The court assigned a total of 14 criminal history points to Puckett's previously uncounted sentences, giving him a total of 18 criminal history points. And, finding that a Criminal History Category VI was inadequate, the district court departed from offense level 28 to offense level 29, resulting in a guideline range 152-188 months. The court imposed a sentence at the top of the new range.

A sentencing court is encouraged to depart upward when a defen- dant's Criminal History Category does not adequately reflect the seri-

2

ousness of his past criminal conduct or the likelihood that he will commit other crimes. See U.S.S.G. § 4A1.3. When a factor being considered as a basis for departure is an encouraged factor, a court must determine whether or not it has been taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997) (citing Koon v. United States, 116 S. Ct. 2035, 2045 (1996)).

Sentences imposed outside the applicable time period are taken into account under U.S.S.G. §§ 4A1.1 and 4A1.2 because the Sentencing Commission has instructed that such prior sentences are not to influence a defendant's current sentence except to the extent that an old sentence may be considered as a basis for departure if it "is evidence of similar, or serious dissimilar, criminal conduct." U.S.S.G. § 4A1.2, comment. (n.8); see United States v. Wyne, 41 F.3d 1405, 1408-09 (10th Cir. 1994); United States v. Eve , 984 F.2d 701, 704-05 (6th Cir. 1993).

Here, the district court erred in concluding that all of Puckett's prior sentences could be considered in determining whether a departure was appropriate. Several of Puckett's prior sentences were imposed for conduct that arguably was similar to that of the instant offenses, for example possession of a concealed weapon and unlawful discharge of a weapon. However, the remainder of the offenses were neither particularly serious nor similar to the instant offenses. We, therefore, vacate Puckett's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3