**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 30 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT F. TILLEY,

Defendant-Appellant.

No. 98-1131
(D.C. No. 97-B-777)
(D. Colo.)

---

ORDER AND JUDGMENT *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Robert F. Tilley was indicted in January 1995 on six counts including possession with intent to distribute methamphetamine, possession of listed chemicals with intent to manufacture methamphetamine, possession of equipment with intent to manufacture a controlled substance, and possession of $P_2P$ with intent to manufacture a controlled substance. In exchange for dismissal of the other counts, he pled guilty to the first count in the indictment, possession with intent to distribute 100 or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii), and was sentenced, inter alia, to 135 months' imprisonment. He did not file a direct appeal.

In the present action, defendant filed a motion on April 16, 1997, seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on two bases: (1) that the government failed to prove that the methamphetamine involved was $d$-methamphetamine, the isomer on which his sentence was based and which, under the sentencing guidelines in effect at the time (1994 edition), provided for a significantly stiffer sentence than the $l$-isomer; and (2) that his counsel was constitutionally ineffective for failing to raise this issue at sentencing. The district court concluded that there was sufficient evidence that at least some of the methamphetamine was the $d$-type to support defendant's enhanced sentence. It also concluded that defendant was not prejudiced by his counsel's failure to raise this issue at sentencing because his sentence would have been the same based on

-2-

his admission that he possessed 14,795 grams of the precursor chemical P$_2$P. The court therefore denied defendant's motion and denied his request for a certificate of appealability. Defendant filed a timely notice of appeal, and the matter is now before us on his request that we issue a certificate of appealability on the issue of whether his counsel was ineffective at sentencing.

To be entitled to a certificate of appealability, defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To prove that his counsel was constitutionally ineffective, defendant must show that counsel's performance was deficient and he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We agree with the district court that defendant cannot show the requisite prejudice to sustain his claim of ineffective counsel.

Regardless of whether the methamphetamine for which he was convicted was the *d* or *l* isomer, in his plea agreement, "defendant acknowledge[d] that the amounts of controlled substances and listed precursor chemicals involved in Counts Two, Three and Five of the Indictment are relevant conduct for the purpose of computation of his sentence." Suppl. App. Vol. II, Plea Agreement at 2; *see also United States v. McCann*, 940 F.2d 1352, 1358 (10th Cir. 1991) (district court must "consider all relevant chemicals in sentencing, not just those chemicals charged in the indictment"). Relevant to Count Five, in which he was

charged with possession of P$_2$P, defendant agreed that the police seized from him 14,795 grams of P$_2$P. *See* Suppl. App. Vol. II, Plea Agreement at 5. As the government argued in the district court, under U.S.S.G. § 2D1.1's Drug Equivalency Tables, possession of this quantity of P$_2$P for the purpose of manufacturing methamphetamine results in the same base offense level of 34 that resulted from defendant's conviction for possession with intent to distribute methamphetamine. In response, defendant contended only that P$_2$P was not a controlled substance and the entire amount of the P$_2$P should not be considered because it was contained in waste water. In denying his petition, the district court noted that the sentence could be sustained based solely on the amount of P$_2$P defendant admitted possessing, as the government had argued.

On appeal, defendant raises three arguments why the district court's conclusion that the P$_2$P supported his sentence is incorrect. First, he repeats his contention that the P$_2$P was contained in wastewater and that under U.S.S.G. § 2D1.1 Application Note 1, the entire quantity cannot be considered in determining the base offense level. However, without any mention of waste water, his plea agreement stated that he possessed 14,795 grams of P$_2$P, and nothing else in the record indicates the P$_2$P was contained in waste water. In contrast, where presumably waste water was involved, the plea agreement stated that "[a]n unknown liquid containing a detectable but minor amount of

-4-

methamphetamine" was also seized. *See* Suppl. App. Vol. II, Plea Agreement at 5. We thus reject his contention that the $P_2P$ was contained in waste water and conclude the entire 14,795 grams of $P_2P$ may be used for sentencing purposes.

Defendant next contends that there was no evidence that he possessed the $P_2P$ for the purpose of manufacturing methamphetamine and that a different equivalency table multiplier--for all other cases--should have been applied, which would result in a significantly lower base offense level. Defendant did not raise this argument in the district court, and except in cases of the most manifest error or injustice, which this case does not present, we will not consider such issues on appeal. *See Sac & Fox Nation v. Hanson*, 47 F.3d 1061, 1063 & n.2 (10th Cir. 1995). Moreover, even were we to consider this argument, we would find it unavailing. In concluding that the $P_2P$ supported defendant's sentence, the district court implicitly found that he possessed it for the purpose of manufacturing methamphetamine, since it used that multiplier as the government had argued. *See United States v. Wyne*, 41 F.3d 1405, 1408 (10th Cir. 1994) (approving use of implicit finding at sentencing where finding was necessary basis for district court's ruling); *United States v. Tavano*, 12 F.3d 301, 307 (1st Cir. 1993) (approving use of implicit findings where consistent with detailed suggestion advanced by party). Defendant's possession of various precursor chemicals, glassware and equipment that he admitted were part of his

methamphetamine lab, even though he claimed he had not used the lab in five years, was sufficient evidence to support the district court's finding of possession of the $P_2P$ for the purpose of manufacturing methamphetamine.

Finally, defendant contends that reliance on the $P_2P$ to sustain his sentence is improper because it fails to consider his offense level reductions for acceptance of responsibility and assistance to authorities. As noted earlier, the $P_2P$ leads to the same base offense level of 34 as the methamphetamine, and the reductions are considered subsequently in both situations. Use of $P_2P$ thus supports the same ultimate sentence as the methamphetamine.

We conclude that defendant has failed to make a substantial showing of the denial of a constitutional right. His application for a certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge