**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS ROBERTO ORTEGA-GOMEZ,

Defendant-Appellant.

No. 98-4197
(D.C.  No. 98-CR-234-S)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, and **BALDOCK** and **HENRY**, Circuit Judges.

Jesus Roberto Ortega-Gomez was convicted after a jury trial of illegal reentry after deportation in violation of 8 U.S.C. § 1326.[1]  Pursuant to 8 U.S.C. § 1326(b)(2), the government filed a notice of its intent to pursue a sentencing enhancement.  Rec. vol. I, doc. 2.  (Notice of Sentencing Enhancement, filed Apr. 29, 1998).  It requested that Mr.

---

[*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]   After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  Fed. R. App. 34(a)(2); 10th Cir. R. 34.1 (G).  The case is therefore submitted without oral argument.

Ortega-Gomez receive a longer sentence because he had been previously convicted of an aggravated felony. Applying the enhancement provisions of § 1326(b)(2), the district court sentenced him to 125 months imprisonment followed by thirty-six months supervised release.

In this appeal, Mr. Ortega-Gomez challenges the imposition of the thirty-six month release term. He argues that the term was improper because, even though he was sentenced pursuant to 8 U.S.C. § 1326(b)(2), the offense of which he was convicted is described in § 1326(a). Because the maximum term of imprisonment for a violation of section 1326(a) is two years, Mr. Ortega-Gomez contends that he was convicted of a Class E felony. See 18 U.S.C. § 3559 (a)(5) (classifying offenses for which the maximum term of imprisonment is less than five years but more than one year as Class E felonies). Because the maximum term of supervised release for Class E felonies is one year, see 18 U.S.C. § 3883(b)(3), Mr. Ortega-Gomez contends that his term of supervised release should be reduced.

Mr. Ortega-Gomez did not raise this issue in the district court's proceedings. However, "'the imposition of a sentence based on an erroneous interpretation of the law constitutes plain error.'" United States v. Wyne, 41 F.3d 1405, 1407 (10th Cir. 1994) (quoting United States v. Alessandroni, 982 F.2d 419, 420 (10th Cir.1992)). We therefore engage in de novo review of the district court's determination of the special release term. See Wyne, 41 F.3d at 1407.

2

Mr. Ortega-Gomez's argument is based on 18 U.S.C. §§ 3559 and 3583 and on judicial interpretation of 8 U.S.C. § 1326 (the statute defining the offense of which he was convicted). Section 3559 provides that offenses not classified by letter grade in the section defining the offense are classified on the basis of the maximum term of imprisonment. See 18 U.S.C. § 3559(a). Thus, offenses with a maximum sentence of life imprisonment or death are Class A felonies; offenses with a maximum sentence of twenty-five years or more are Class B felonies, and so on. See id. at (a)(1) and (a)(2). Section 3583 establishes maximum terms of supervised release that may be imposed by the sentencing court after the defendant has served his term of imprisonment. See 18 U.S.C. § 3583. For Class A and B felonies, the maximum term of supervised release is five years; for Class C and D felonies, the maximum term is three years. See id. at (b)(1) and (2).

The statute defining the offense of which Mr. Ortega-Gomez was convicted, 8 U.S.C.§ 1326, not only defines the offense of unlawful entry after deportation but also provides for increased penalties if the defendant was convicted of certain criminal offenses prior to his deportation. See 8 U.S.C. § 1326(b)(2) (providing for a maximum term of imprisonment of twenty years if the defendant has been convicted of an aggravated felony). In Almendarez-Torres v. United States, 118 S. Ct. 1219, 1222 (1998), the Supreme Court held that § 1326(b) "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist." The Court explained that §

3

1326(b) "does not define a separate crime. Consequently, neither the statute nor the Constitution require the Government to charge the factor that it mentions, an earlier conviction, in the indictment." Id.

In this case, Mr. Ortega-Gomez seeks to apply the holding of Almendarez-Torres to the classification of his sentence. According to Mr. Ortega-Gomez, Almendarez-Torres establishes that one should look to § 1326(a), which provides for a maximum term of imprisonment of two years, in determining the appropriate term of supervised release.

Mr. Ortega-Gomez's reading of Almendarez-Torres is not convincing. That case did not address the classification of offenses for purposes of defining special release terms. However, in a case that is applicable here, United States v. LaBonte, 117 S. Ct. 1673 (1997), the Court held that the phrase "maximum term authorized," as used in a statute concerning repeat offenders, referred to the maximum term of imprisonment when all applicable sentencing enhancements are taken into account. See id. at 1677-79 (construing 28 U.S.C. § 994(h)).

Labonte's approach is applicable here. Like the statute at issue in LaBonte, § 3559, classifies offenses on the basis of "the maximum term of imprisonment." See 18 U.S.C. § 3559(a). The maximum term of imprisonment under the statute under which Mr. Ortega-Gomez was sentenced is twenty years, which makes his conviction a Class C felony under § 3559(a)(3). Because the maximum term of supervised release for Class C

felonies is three years, the sentence imposed by the district court was proper.[2]

Accordingly, Mr. Ortega-Gomez's sentence is AFFIRMED.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[2]We further note that we have recently rejected arguments resembling the one advanced by Mr. Ortega-Gomez here.  See United States v. Mora-Peralta, No. 98-4165, 1999 WL 565554 (10th Cir. August 3, 1999); United States v. McMahon, No. 98-5081, 1999 WL 363040 (10th Cir. June 7, 1999)