**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RONALD ROMERO,

Defendant-Appellant.

No. 10-1542
(D.C. No. 1:09-CR-00426-PAB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Ronald Romero appeals his sentence imposed for the crime of assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) & (b). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Mr. Romero was serving an unrelated prison sentence on a prior conviction when he attacked Shawn Boyd, a Bureau of Indian Affairs corrections officer, by spitting on him, gouging one of his eyes, and scratching his face and neck. He was indicted on one count of assaulting a federal officer and a jury found him guilty of that offense.

The presentence investigation report (PSIR) detailed Mr. Romero's lengthy criminal record, which included 20 prior convictions. After assigning one criminal history point each to two of Mr. Romero's more-recent convictions, the probation officer calculated his total offense level as 15 and his criminal history category as II, yielding an advisory Guidelines imprisonment range of 21 to 27 months. While recommending a sentence of 27 months' imprisonment, the probation officer also included the following comments regarding factors that may be relevant to a departure from the advisory guideline range: "Most of the defendant's convictions were not assessed criminal history points due to time constraints and/or were tribal convictions,[1] and many of these convictions are for assault and/or violent offenses. He has three prior federal assault convictions, which were not assessed criminal history points." R., Vol. 4 at 25. Mr. Romero

---

[1]     According to U.S. Sentencing Guidelines Manual § 4A1.2(e) (2009), sentences imposed outside of specified time periods preceding the instant offense are not counted toward the defendant's criminal history category. Sentences resulting from tribal court convictions are also not counted. *See id.* § 4A1.2(i).

responded to the PSIR by affirmatively stating that he had no objection to its content.

The government moved for an upward departure from the Guidelines range under U.S. Sentencing Guidelines (U.S.S.G.) Manual § 4A1.3(a)(1) (2009). That section provides: "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted." *Id.* Noting that Mr. Romero had numerous prior convictions that were not counted toward his criminal history category, the government argued that at least seven of these convictions should be considered as justifying an upward departure from the Guidelines range. According to the government, if these additional previous convictions were assessed criminal history points, Mr. Romero's criminal history category would be VI instead of II, and his Guidelines imprisonment range would be nearly doubled to 41 to 51 months. The government asked the district court to depart upward and impose a sentence at the top of that higher range.

Mr. Romero did not file a written response to the government's motion. At the sentencing hearing, his counsel objected to the district court considering one of his convictions that had been reversed on appeal after he had served 13 months of an 18-month sentence. His counsel also asked the court to consider the amount

of time that he had served on another sentence that had been commuted to time served and was subject to a further challenge in a pending habeas petition.

In ruling on the government's motion, the district court initially indicated that it would not consider Mr. Romero's reversed conviction. The court then found that criminal history category II substantially under-represented his criminal history. Regarding his prior uncounted convictions, the court stated that he "has a history of resolving his disputes with violence." R., Vol. 2 at 610. After reviewing his previous assault convictions,[2] the district court concluded,

> [Mr. Romero] has many other convictions for non-assaults. Even if we focus only on the assaults and exclude the assault that was reversed, he still would have 14 criminal history points, which would place him in Criminal History Category VI. And the Court finds that Criminal History Category VI is in fact the criminal history category that does reflect his true criminal history.
>
> And for that reason, the Court will grant the Government's motion for an upward departure and will sentence Mr. Romero within Criminal History Category VI.

*Id.* at 612.

In response to the district court's ruling on the motion for upward departure, Mr. Romero's counsel did not object to any of the court's reasoning.

---

[2] The district court cited the following uncounted prior assault convictions: (1) a juvenile conviction on two counts of aggravated assault; (2) a 1984 conviction on two counts of aggravated battery; (3) a 1984 felony aggravated assault conviction; (4) a 1987 felony aggravated assault conviction; (5) a 2004 tribal court conviction for assault of a household member; and (6) a 2007 tribal court conviction on multiple counts of assault and battery.

He stated instead that Mr. Romero concurred with the probation officer's recommended 27-month sentence; he reiterated some of his previous arguments; and he urged the court to impose a sentence that was sufficient but not greater than necessary to achieve the objectives of the sentencing statute. *See* 18 U.S.C. § 3553(a). Mr. Romero later addressed the court, acknowledging that his "record doesn't look too hot," R., Vol. 2 at 618, but claiming that some of the facts stated in the PSIR regarding his prior convictions were inaccurate and asserting that the tribal court judge presiding over his 2007 conviction was biased against him.

Having found that an upward departure was appropriate under U.S.S.G. Manual § 4A1.3(a), the court indicated it would sentence Mr. Romero as if his criminal history category were VI, resulting in an advisory Guidelines imprisonment range of 41 to 51 months. The court stated further: "In terms of . . . what the appropriate sentence for Mr. Romero is . . . I've already talked about his history of violence. And that constitutes . . . one of the two aggravators in this case. The other one, of course, is just the circumstances of this particular assault." R., Vol. 2 at 623. The court went on to describe Mr. Romero's attack on Officer Boyd and the injuries the officer sustained. While the court commended Mr. Romero for acknowledging his need to address his alcohol abuse, it noted that he was sober at the time he assaulted Officer Boyd. The court then concluded that "given Mr. Romero's history, given what happened to Officer Boyd and the fact that he has lasting effects from that particular assault, the Court

feels that a sentence at the top end of the advisory range is appropriate." *Id.* at 625. The court sentenced him to 51 months' imprisonment.

Mr. Romero filed a timely appeal, arguing that the district court erred when it departed from criminal history category II to VI.

## Standard of Review

Mr. Romero's contentions regarding the district court's departure analysis amount to claims of procedural error. *See United States v. Robertson*, 568 F.3d 1203, 1209 (10th Cir. 2009). We ordinarily apply a "unitary abuse of discretion standard" to a district court's departure analysis under U.S.S.G. Manual § 4A1.3(a), "which affords substantial deference to factual questions, but allows for plenary review of questions that are in essence legal." *Id.* at 1211 (quotations omitted). But the standard of review applicable in a particular case depends on the extent to which the defendant preserved his appeal arguments by making appropriate objections in the district court. *See id.* at 1209-10 & n.2.

Mr. Romero fails to cite in his appeal brief the precise references in the district court record where he raised the arguments he seeks to present on appeal.[3] The government states that "[s]ome of Mr. Romero's reasoning appears to encompass arguments not made below. However the government construes his overall argument to be that the extent of the court's departure was not justified by

---

[3]    Mr. Romero states only that "[t]he issue was raised by the filing of the government motion for departure." Aplt. Opening Br. at 5.

the facts before it . . . ." Aplee. Br. at 6 n.1.  The government then concludes that Mr. Romero preserved this issue for review by seeking a within-Guidelines sentence of 27 months, thereby objecting to an upward departure.  But in *Robertson* we rejected a defendant's claim that his request for a sentence within the Guidelines range preserved every aspect of the district court's upward departure for this court's review.  *See* 568 F.3d at 1209-10.  We held that, "unless Defendant lodged a specific objection to a procedural error at sentencing, our review is limited to plain error."  *Id.* at 1210.

Although he had the opportunity to do so, Mr. Romero did not raise in the district court any of the errors he asserts on appeal.  We therefore apply a plain error standard of review.  *See id*. at 1210 & n.3.  "Under that standard, we may reverse only if a defendant demonstrates an error that is plain, which not only prejudices his substantial rights, but also seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 1210.

## Discussion

We assess the propriety of an upward departure based on a four-part test: "(1) whether the district court relied on permissible departure factors, (2) whether those factors removed a defendant from the applicable Guidelines heartland, (3) whether the record supports the district court's factual bases for a departure, and (4) whether the degree of departure is reasonable."  *Id.* at 1211.

Mr. Romero concedes that the evidence in the record regarding his 2007 tribal court conviction on multiple counts of assault and battery was sufficient to support an upward departure. He therefore argues that the district court should have assessed a total of five criminal history points—one point each for his two convictions counted in the Guidelines computation and three points for his 2007 conviction—resulting in an upward departure from criminal history category II to III. *See* U.S.S.G. Manual ch. 5, pt. A (Sentencing Table) (assigning defendants with five criminal history points to category III). He contends that the district court's reliance on certain other uncounted convictions to depart above category III was in error. Mr. Romero's arguments challenge the district court's departure analysis at the first and third stages of the four-part framework.[4]

As to the first step of this test, Mr. Romero does not dispute that both tribal court convictions and older convictions are permissible departure factors. *See* U.S.S.G. Manual § 4A1.2(i) (tribal court sentences "may be considered under § 4A1.3"); § 4A1.3(a)(2)(A) (prior sentences not included in criminal history computation, such as tribal offenses, may be considered); § 4A1.2, cmt. n.8 ("If the court finds that a sentence imposed outside [the applicable] time period is

---

[4]     Because Mr. Romero concedes that some lesser extent of upward departure was appropriate, he therefore acknowledges that there are factors removing him from the applicable Guidelines heartland. And his overall contention that the extent of the district court's departure was unreasonable is tied to his specific arguments of error about the district court's reliance on certain of his prior convictions.

evidence of similar . . . criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3 (Adequacy of Criminal History Category)." (italics omitted)).  But he nonetheless argues that the district court should not have considered two of his previous convictions in its departure analysis:  his 1999 tribal court conviction for violation of a protection order and disorderly conduct, and his 2003 tribal court conviction for battery.

As to his 1999 conviction, the government responds, and we agree, that there is no indication the district court considered this offense in departing upward.  The district court stated that it was relying only on Mr. Romero's previous assault convictions, and it did not mention in its ruling his 1999 conviction for other offenses.[5]

Mr. Romero argues that the district court should not have considered his 2003 tribal court conviction because he pled guilty without the assistance of counsel.  He fails, however, to develop this argument.  He cites no case holding that a district court is precluded from considering a defendant's prior, uncounseled tribal court convictions in its departure analysis, and in fact, our

---

[5]    The government asserts further that the district court based its departure analysis, in part, on prior assault convictions that the government did not rely on in seeking an upward departure.  Mr. Romero did not file a reply brief and has not contested the government's position.  We conclude that the government is correct: in its ruling the district court cited two additional aggravated assault convictions that the government did not address in its motion.

precedents do not support his contention. *Cf. United States v. Concha*, 294 F.3d 1248, 1253-54, 1255 (10th Cir. 2002) (upholding district court's consideration of criminal conduct underlying uncounseled foreign convictions in departure analysis); *United States v. Wyne*, 41 F.3d 1405, 1409 n.5 (10th Cir. 1994) (disapproving of another circuit's reversal of upward departure on basis that misdemeanor convictions were uncounseled).

The remainder of Mr. Romero's arguments focus entirely on the third step of the analysis: whether the record supports the district court's factual bases for departure. He points to three assault convictions as lacking sufficient evidence to support a greater upward departure.

Mr. Romero argues there is insufficient record support for the district court's conclusion that he engaged in violent behavior in connection with his 1984 aggravated assault conviction. But as the district court noted, the record reflects that Mr. Romero struck one person with a tire iron, chased another with a screwdriver, and hit another person with a rock. He next contends that it is unclear from the record that he was sentenced to a one-year prison term for this offense because the PSIR indicated he began his sentence in federal prison, but completed it at the New Moon Lodge at the San Juan Pueblo in New Mexico. As he acknowledges, however, the judgment in the record indicates that he received a

one-year sentence.[6]  Finally, Mr. Romero argues that the PSIR ignored the mitigating language of the plea agreement.  But the plea agreement was available for the district court's review as an exhibit to the government's motion.

Mr. Romero similarly argues that the evidence regarding his 1987 aggravated assault conviction does not support a conclusion that he engaged in sufficiently violent behavior to justify an upward departure.  But once again, the record belies his contention.  According to the plea agreement, Mr. Romero pled guilty to assaulting another man with a knife, and the government agreed not to prosecute him on two additional assault charges.

Lastly, Mr. Romero contends that the district court should have assessed only one point, rather than two points, for his 2004 tribal court conviction for assault on a household member.  He points to the judgment, which indicates that his original jail term was suspended, resulting in a sentence of 180 days' probation—a sentence that would be assessed one point under the Guidelines.  *See* U.S.S.G. Manual § 4A1.1(a)-(c).  We need not decide if Mr. Romero's contention is correct because he fails to establish an error that prejudices his substantial rights.  He does not dispute the district court's calculation of his criminal history

---

[6]     To the extent Mr. Romero contends that this one-year sentence was partially suspended, such that he should have been assessed one criminal history point for this conviction instead of two points, there is no evidence in the record that he served fewer than 60 days in prison.  *See* U.S.S.G. Manual § 4A1.2(b)(2) (counting only the portion of a sentence that was not suspended); § 4A1.1(b) (adding two points for prior imprisonment sentences of at least 60 days).

points based on his prior assault convictions, and a one-point reduction–from 14 points to 13 points–would still put him in criminal history category VI. *See* U.S.S.G. Manual ch. 5, pt. A (Sentencing Table); *see also Robertson*, 568 F.3d at 1210 (holding reversal only appropriate under plain error review if defendant demonstrates error that prejudices his substantial rights).

## Conclusion

As Mr. Romero acknowledges, some amount of upward departure was appropriate in this case, based on his history of assault-related offenses. After reviewing his prior convictions, the district court increased his criminal history category by four levels and then imposed a sentence nearly twice as long as the maximum sentence under the Guidelines. Although we would not have reached the same determination as the district court in this case, we must give substantial deference to the district court's factual determinations. *See Robertson*, 568 F.3d at 1211. Moreover, Mr. Romero failed to preserve his objections to the district court's departure analysis, and he has not "clear[ed] the more arduous hurdle set by the plain error test." *Id.* We therefore AFFIRM the judgment of the district court.

Entered for the Court

David M. Ebel
Circuit Judge

-12-