**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

RONALD ROMERO,

　　　Defendant - Appellant.

No. 15-1201
(D.C. No. 09-CR-00426-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

　　　Defendant-Appellant Ronald Romero appeals from the sentence of 21 months' imprisonment for the violation of his supervised release conditions.  Mr. Romero's attorney filed a brief and motion to withdraw following Anders v. California, 386 U.S. 738 (1967).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We dismiss the appeal and grant counsel's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

motion to withdraw.

Background

Mr. Romero was convicted of assaulting a federal officer, 18 U.S.C. § 111(a)(1) & (b), and sentenced to a term of 51 months' imprisonment followed by three years' supervised release. For this sentence only, the court departed from criminal history category II to VI. The judgment was affirmed on direct appeal. United States v. Romero, 442 F. App'x 399 (10th Cir. 2011).

Mr. Romero began his supervised release on November 14, 2013. In violation of the conditions imposed, he used alcohol to excess on January 4, 2014. The magistrate judge warned Mr. Romero that this behavior was in violation of the conditions imposed and would not be tolerated. Mr. Romero again violated his supervised release conditions on March 1, 2014, and eventually pled guilty to burglary, menacing, and assault in state district court. For these offenses, Mr. Romero was sentenced to five years' imprisonment on the burglary count (and lesser concurrent terms on the other offenses) followed by three years of mandatory parole.

Mr. Romero admitted to the violations of his supervised release alleged by his federal probation officer. He was then sentenced to an additional 21 months' imprisonment, consecutive to the state sentence with no additional term of supervised release.

Mr. Romero's advisory guideline range was 15–21 months for the violation of his supervised release condition. To reach this guideline range, the court placed him in criminal history category II. The government argued for an upward departure to criminal history category of VI, although it recognized that the maximum sentence the court could impose for the underlying Class C felony was two years. 18 U.S.C. § 3583(e)(3). Mr. Romero filed a sentencing memorandum requesting a consecutive sentence at the bottom of the guideline range, noting that he had been incarcerated for most of the last eight years without assaultive behavior. 1 R. 70–71. At the revocation hearing, Mr. Romero noted that counsel did not include his request for a sentence concurrent with the state sentence. The district court denied the government's motion for a non-guideline sentence, finding that Mr. Romero had made some progress in controlling his behavior, was getting older, and wanted to change. 3 R. 23–25. Weighing the parties' requests, the district court sentenced Mr. Romero at the top of the guideline range and ran the sentence consecutive to the state court sentence.

## Discussion

In Anders, the Supreme Court explained that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Mr. Romero's counsel has done so, and Mr. Romero has responded. Pursuant to Anders, we

conduct an independent review to decide whether any claim Mr. Romero might raise has merit. Id.

We review the reasonableness of a district court's sentence using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). When the review is of a sentence imposed after the revocation of supervised release, we accept factual findings unless clearly erroneous and give de novo consideration to legal conclusions. United States v. Tsosie, 376 F.3d 1210, 1217–18 (10th Cir. 2004). There is a presumption of reasonableness that attaches to a sentence within the range suggested by the Sentencing Guidelines. United States v. McBride, 633 F.3d 1229, 1233 (10th Cir. 2011). Because Mr. Romero admitted to the violations of his supervised release and did not object to the revocation or request to withdraw the admission, only plain error review is available on appeal. See United States v. Fay, 547 F.3d 1231, 1234 (10th Cir. 2008).

Nothing in the record suggests that the court incorrectly calculated or applied the guidelines range, failed to consider the 18 U.S.C. § 3553(a) factors, relied on clearly erroneous facts, or ignored the policy statements in Chapter 7 of the Sentencing Guidelines. See Gall, 552 U.S. at 51. Mr. Romero alleges that he was incorrectly placed into criminal history category VI and that he signed a plea deal limiting his sentence to 12 months. As previously stated, although the government recommended Mr. Romero be placed in criminal history category VI, the court placed him in criminal history category II after carefully weighing a

variety of factors. Furthermore, although Mr. Romero did sign a plea deal as to the underlying convictions in which he admitted to the excessive use of alcohol, burglary, menacing, and third-degree assault, 3 R. 7–9, there is no indication Mr. Romero signed a plea agreement in regard to the revocation of his supervised release.

For the foregoing reasons, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge