**UNITED STATES COURT OF APPEALS**

**September 15, 2011**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

BRIAN CHARLES OLINGER,

        Defendant-Appellant.

No. 10-4187
(D.C. No. 2:09-CR-00103-DS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Defendant Brian Charles Olinger appeals from the eighteen-month term of

imprisonment the district court imposed after he pled guilty to three Grade C

violations of his supervised release. Exercising jurisdiction under 28 U.S.C.

§ 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Procedural History

a.  The Violations of Supervised Release

On September 30, 2009, defendant was sentenced to fifteen months' imprisonment and 120 months' supervised release on one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250.  R., Vol. 1, at 10. One of the special conditions on his supervised release restricted his use of computers, and another special condition barred him from viewing, accessing, or possessing sexually explicit materials.  *Id.* at 11.  By mid-March 2010, defendant had been released from prison and was serving his term of supervised release. At that time, defendant consented to additional conditions of supervised release, including additional restrictions on his use of computers.  *Id.*, Supp. Vol. 1, App. A.

In August 2010, a probation officer went to a hostel to check on a convicted sex offender named Andrew Wright.  *See id.*, Vol. 2, at 10, 23, 36-37. During that visit, the probation officer was told by a staff member that Wright had been accessing a laptop computer at the room occupied by defendant Brian Charles Olinger and his girlfriend.  *Id.* at 11.  When the probation officer confronted Wright a few days later, he admitted that he had accessed that computer with defendant to check his emails.  *Id.* at 11-12.  The probation officer called another probation officer and, together, they went to the hostel to search defendant's room.  *Id.* at 12.  Defendant was not there, but his girlfriend was

outside in the parking lot with Wright. *Id.* Defendant's girlfriend told the officers that the laptop was there in her car. *Id.* at 12-13. Wright told his probation officer that after talking with defendant's girlfriend, he "was concerned that it had some things on it . . . that he could get in trouble for and he was concerned because he had not accessed those things but knew that Olinger had and another person." *Id.* at 13. He did not say the word "image" or tell the probation officer what was on the computer. *Id.* Defendant's girlfriend admitted that defendant used the computer, but did not tell the probation officer what was on it. *Id.* at 14. The computer was seized and forensically searched on a basic level. *See id.* at 18-19. It contained approximately 1500 pornographic images, including approximately 200 images of child pornography that came from Internet Explorer. *Id.* at 26-28, 47.

On September 9, 2010, defendant's probation officer filed a petition alleging that defendant had committed numerous violations of supervised release, including an allegation that he had possessed pornography and an allegation that he had possessed child pornography. *Id.*, Vol. 1, at 16-17. On September 22, 2010, the magistrate judge held a probable cause hearing, concluding that most of the violations would be bound over, including the two allegations that defendant had possessed pornography. *Id.*, Vol. 2, at 4, 56-57. Defendant ultimately admitted three of the alleged violations: accessing a computer with Internet access without prior consent of the U.S. Probation Office, associating with a

known felon, and possession of alcohol. *Id.* at 62. The government agreed for the district court to dismiss, without prejudice, the other allegations, including the two allegations that defendant had possessed pornography. *Id.* at 62-63.

The government presented evidence at the probable cause hearing that defendant had accessed a computer, *id.* at 11-12, 14, even though he had always written on his monthly probation reports that he had had no unmonitored or unapproved access to a computer, *id.* at 22-23. A search of the computer revealed that there were accounts in defendant's name on Yahoo, Adult Friend Finder, and Facebook, all of which are Internet sites, *id.* at 19-21, and defendant's girlfriend indicated that she did not know his password until she asked him for it in order to tell the government what it was after her computer was seized, *see id.* at 12-13, 20, 37-38. One pornographic image was linked to defendant's email account, *id.* at 27, and his probation officer determined that he was not at work at two significant times when images of child pornography were accessed, *id.* at 29. But the probation officer did not know whether the laptop was at the hostel during the times when child pornography was known to have been accessed, *id.* at 41; four other people also had access to the computer in addition to defendant, *id.* at 38-39; at least one of the people with access to the computer was Wright, who was also a convicted sex offender, *see id.* at 10, 36-38; and the government was unable to produce any direct evidence that defendant had viewed the child pornography, *id.* at 40-41. The probation officer had not checked whether any of

the other people with access to the laptop were at work or elsewhere when the images of child pornography were accessed. *Id.* at 39-40.

b. The Sentencing Hearing

The district court held the sentencing hearing on October 6, 2010. *Id.* at 60. The court found that all three admitted violations of supervised release were Grade C violations. *Id.* at 72; *see also* USSG § 7B1.1(a)(3). The court further found that the advisory sentencing range under USSG § 7B1.4 was five to eleven months, based on defendant's Criminal History Category of III. R., Vol. 2, at 72. Defendant argued that a sentence of five months was "adequate to deter others from getting on the computer when they are not supposed to[.]" *Id.* at 65. The government asked for a sentence of twenty-four months, the statutory maximum, based on "the overall circumstances[.]" *Id.* at 67; *see also* 18 U.S.C. § 3583(e)(3). The government pointed out that defendant had been convicted of a sex offense in Oregon and came to Utah as a fugitive. R., Vol. 2, at 67. Defendant also had a poor criminal history with multiple sex offenses and fugitive-related charges. *Id.* The parties disputed whether the evidence showed that defendant had possessed child pornography, as alleged in the petition. *See id.* at 66-71.

The district court sentenced defendant to eighteen months' imprisonment and 120 months of supervised release. *Id.* at 73. The court considered that

defendant's admission of "using a computer upon which there is child pornography . . . [was] a very serious violation of his supervised release order[,]" *id.* at 70, and stated its intent "to impose a sentence that is more in keeping with what I feel is the conduct that is represented here[,]" *id.* at 68. The court further expressed its

> concern . . . that [defendant] has accessed a computer that has child pornography on it. Whether he has seen it or not, I am not that concerned. The fact is as a convicted sex offender, he has violated the order to not access a computer, and, in any event, a computer that has that type of material on it. Whether he can be tied to actually seeing it or not is not that important to me at this juncture. The fact is that he has violated the terms of the supervised release by accessing a computer, and that computer has child pornography on it.

*Id.* at 71-72. The court acknowledged that several other people also had access to the computer and that there was no direct evidence that defendant had viewed the child pornography. *Id.* at 68. Defendant did not object to the sentence as pronounced. *See id.* at 74-75.

## II. Standards of Review, Issues on Appeal, and Discussion

### a. Standards of Review

"[A] sentence imposed after a defendant violates a term of supervised release should be reviewed under the 'plainly unreasonable' standard set forth at 18 U.S.C. § 3742(e)." *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256-57 (10th Cir. 2006). "Under this standard of review, we will not reverse a sentence if it can be determined from the record to have been reasoned and

-6-

reasonable." *Id.* at 1257 n.2 (brackets omitted) (internal quotation marks omitted). Congress requires in 18 U.S.C. § 3853(e) that "[b]efore deciding whether to revoke a term of supervised release and determining the sentence imposed after revocation, the district court must consider the factors set out in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *United States v. McBride*, 633 F.3d 1229, 1231-32 (10th Cir. 2011). "The violation of a condition of supervised release is a breach of trust and, while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily the breach of trust that is sanctioned." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (citing USSG Ch. 7, pt. A, introductory cmt.).

The district court exceeded the advisory sentencing range in this case, making no explicit reference to "breach of trust" or the factors in § 3553(a). It is not appropriate to apply a presumption of reasonableness to a revocation-of-supervised-release sentence outside the range suggested by the Sentencing Commission's policy statements. *See McBride*, 633 F.3d at 1233 (holding that a "presumption [of reasonableness] is also appropriate in reviewing a revocation-of-supervised-release sentence within the range suggested by the Commission's policy statements"). But even in the context of a sentence for a violation of supervised release in excess of that recommended by the Chapter 7 policy statements, we have held that the "[t]he sentencing court . . . is not

-7-

required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010) (internal quotation marks omitted).

### b. Issues on Appeal

Defendant expressly raises a substantive challenge to his eighteen-month term of imprisonment, arguing that his sentence is too long because it is more than triple the low end of the advisory guideline range and because it reflects punishment for possession of child pornography—an allegation made in a violation the government agreed to dismiss because defendant did not admit that he possessed child pornography and the government could not prove that he did. However, we construe defendant's arguments to also raise a procedural challenge to the district court's method of calculating his sentence. *See, e.g.*, *Steele*, 603 F.3d at 807-08 (noting the distinction between a procedural challenge to the district court's method of calculating a sentence and a substantive challenge asserting that the sentence is unreasonably long). Defendant argues that the district court based his sentence on the sentencing factors in § 3553(a)(2)(A), factors defendant asserts the court was not authorized by § 3583(e) to consider, while the court ignored breach of trust and the factors in § 3553(a) that it was

required by § 3583(e) to address. Because defendant did not object at the hearing to the district court's method of calculating his sentence, however, we review his procedural arguments only for plain error. *Id.* Defendant must show that "there is (1) error, (2) that is plain, (3) which affects [his] substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *McBride*, 633 F.3d at 1233 (internal quotation marks omitted). We conclude that defendant's arguments are without merit and that his sentence was reasoned and reasonable.

c. Discussion

Defendant's procedural arguments fall short on the first two prongs of his required showing: he has failed to show plain error. Defendant argues that the court erred by focusing on the factors in § 3553(a)(2)(A)—the seriousness of the offense and just punishment for the offense—instead of focusing on the required factors in § 3553(a) and his breach of trust for violating the conditions of his supervised release. Aplt. Br. at 10-11. It is true that § 3583(e) states that sentencing courts are required to consider a number of the factors in § 3553(a), and that subsection 3553(a)(2)(A) is not included in the list of required factors. But defendant has offered no persuasive argument that the district court's language can be construed only to refer to the factors in § 3553(a)(2)(A), rather than referring instead to the nature and circumstances of the offense, factors in

-9-

§ 3553(a)(1)—a subsection the court was indeed required to consider. As we have previously observed, "Congress never intended . . . for sentencing to become a hyper-technical exercise devoid of common sense." *United States v. Rose*, 185 F.3d 1108, 1110 (10th Cir. 1999) (internal quotation marks omitted). In addition, the court's statement that defendant's admission of "using a computer upon which there is child pornography . . . [was] a very serious violation of his supervised release order[,]" R., Vol. 2, at 70, clearly refers to the defendant's breach of trust in admitting a particularly serious violation of his supervised release. We conclude that defendant has failed to show plain procedural error in his sentence.

Defendant's challenge to the court's justification for the length of his sentence is also without merit. "[W]hen the claim is merely that the sentence is unreasonably long, we do not require the defendant to object in order to preserve the issue." *United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006). Therefore, we do not review his substantive challenge for plain error. *Id.* But defendant has made no persuasive argument that his sentence is unreasonably long under the circumstances of this case. He admitted multiple violations of the terms of release; one of those violations, use of a computer with Internet access, was of utmost importance for a sex offender; the computer actually had child pornography on it, even though it was not established that defendant viewed it; defendant has a poor criminal history; and defendant had been a fugitive from

Oregon parole.  We cannot conclude that the district court abused its discretion by imposing a sentence of eighteen months.

AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge