**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DAN TALMADGE ROSE,

Defendant-Appellant.

No. 98-7108

**Appeal from the United States District Court
for the E. District of Oklahoma
(D.C. No. CR-91-12-S)**

**Submitted on the briefs:**

Bruce Green, United States Attorney, and D. Michael Littlefield, Assistant U. S. Attorney, Muskogee, Oklahoma, for Plaintiff-Appellee.

Stephen J. Knorr, Federal Public Defender, and Michael A. Abel, Assistant Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

Before **TACHA, McKAY,** and **MURPHY,** Circuit Judges.

**MURPHY**, Circuit Judge.

## I. INTRODUCTION

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore honors the parties' requests and orders the case submitted without oral argument.

This appeal arises from a consolidated action in the district court to revoke, pursuant to 18 U.S.C. § 3583(e)(3) and (g), Dan T. Rose's concurrent terms of supervised release. After a hearing on the matter, the district court concluded that Rose had violated the conditions imposed on each term of supervised release. Accordingly, the district court revoked both terms of supervised release, sentenced Rose to a term of imprisonment of twenty-four months in each case, and ordered that the terms of imprisonment be served consecutively.

Rose appeals, contending that the district court failed to consider on the record the statutorily mandated factors set out in 18 U.S.C. § 3553(a) when it imposed consecutive, rather than concurrent terms of imprisonment. *See* 18 U.S.C. § 3584(b) ("The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."). Rose further contends that the district court failed to state in open court the reason for imposing consecutive sentences as required by 18 U.S.C. §

3553(c). Exercising jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, this court vacates and remands to the district court to state on the record pursuant to § 3553(c) its reasons for imposing consecutive sentences.

## II. BACKGROUND

In 1991, Rose pleaded guilty in the Eastern District of Oklahoma to a single count of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952 (the "Oklahoma Case"). The district court sentenced Rose to a sixty-month term of incarceration to be followed by three years of supervised release. The next year, Rose pleaded guilty in the Western District of North Carolina to a single count of conspiracy to possess with the intent to distribute marijuana (the "North Carolina Case"). The district court sentenced Rose to a thirty-three-month term of incarceration and ordered the sentence to be served concurrently with the sentence imposed in the Oklahoma Case. In addition, the district court ordered Rose to serve a five-year term of supervised release.

Upon his release from prison, Rose's remaining term of supervised release arising out of the North Carolina Case was transferred to the United States Probation Office ("USPO") for the Eastern District of Oklahoma. While supervising Rose, the USPO filed a Petition for Summons for Offender Under Supervision (the "Petition") in both cases. The Petition alleged that Rose had

violated the provisions of his terms of his supervised release and requested that the district court revoke Rose's supervised release. All hearings on these matters in both cases were consolidated and addressed simultaneously.

In his initial appearance, Rose acknowledged receipt of the Petition and waived a preliminary hearing. Pursuant to this waiver, Rose was bound over to answer the allegations before the district court. At his hearing on revocation, Rose entered a stipulation admitting each of the violations alleged in the Petition. Upon accepting the stipulation, the district court revoked both terms of supervised release, sentenced Rose to a term of imprisonment of twenty-four months in each case, and ordered that the terms of imprisonment be served consecutively.

### III. ANALYSIS

Rose asserts that the district court failed to comply with 18 U.S.C. § 3584 in ordering his terms of incarceration to run consecutively. Section 3584 grants district courts discretion in choosing between consecutive and concurrent terms of imprisonment. *See* 18 U.S.C. 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time . . . , the terms may run concurrently or consecutively . . . ."). Nevertheless, in exercising that sentencing discretion, a district court must consider the factors set forth in 18 U.S.C. § 3553(a). *See id.* § 3584(b). Those factors include: (1) the nature and circumstances of the offense;

(2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most efficient manner; (4) the kinds of sentences available pursuant to the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentence disparities; and (7) the need to provide restitution. *See id.* § 3553(a).

Rose contends the district court failed to comply with § 3584(b) because it failed to weigh on the record each of the statutorily mandated factors in determining that Rose's sentences should run consecutively. In circumstances indistinguishable from those at issue here, the Fourth Circuit recently rejected an argument identical to the one advanced by Rose. *See United States v. Johnson*, 138 F.3d 115, 119-20 (4th Cir. 1998). The *Johnson* court began by noting that although "[s]tatutory changes and the sentencing guidelines have dramatically altered the sentencing landscape[,] Congress never intended . . . for sentencing to become a hyper-technical exercise devoid of common sense." *Id.* at 119; *see also United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) (holding that a sentencing court need not engage in a "ritualistic incantation in order to establish its consideration of a legal issue"). Absent any contrary indication in the record, the

Fourth Circuit concluded it was appropriate to presume "that a district court properly considered the pertinent statutory factors." *Johnson*, 138 F.3d at 119; *see also United States v. Caves*, 73 F.3d 823, 825 (8th Cir. 1996) (rejecting contention that district court must recite mandatory sentencing factors before revoking term of supervised release); *United States v. Cervantes-Valenzuela*, 931 F.2d 27, 29 (9th Cir. 1991) ("We assume that the district court knows and applies the law correctly, and therefore considers the factors in 18 U.S.C. § 3553(a).").

We agree with and adopt the approach in *Johnson*. Accordingly, absent a contrary indication in the record, this court will assume that a district court weighed each of the sentencing factors set forth in § 3553(a) in exercising its discretion pursuant to § 3584, even where the district court does not explicitly so state at the sentencing hearing or in its order.

This approach is consistent with general Tenth Circuit precedent. In a case involving the calculation of a term of imprisonment following a revocation of supervised release, which calculation also requires a sentencing court to consider the factors set out in § 3553(a), this court held as follows:

> We have previously held that the sentencing court is not required to consider individually each of the factors listed in 18 U.S.C. § 3553(a) before issuing a sentence. A sentencing court need only give the reasons for its action as required by 18 U.S.C. § 3553(c). Thus, when imposing a sentence, a district court need only consider 18 U.S.C. § 3553(a) en masse and state its reasons for imposing a given sentence.

*United States v. Burdex*, 100 F.3d 882, 886 (10th Cir. 1996) (citation omitted).

This court can discern no reason for a different result in the case at hand. Accordingly, we hold that the district court is not obligated to expressly weigh on the record each of the factors set out in § 3553(a) before deciding, pursuant to § 3584, whether to run separate terms of imprisonment consecutively or concurrently.

This conclusion, however, does not end this court's analysis. Section 3553(c) provides as follows:

> **(c) Statement of reasons for imposing a sentence.** -- The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence --
> (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or
> (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described.

18 U.S.C. § 3553(c). Rose contends that even if the district court need not weigh the § 3553(a) factors on the record, it must still state in open court, pursuant to § 3553(c), the reasons for imposing consecutive terms of imprisonment.

While conceding that the district court did not state its reasons for imposing consecutive terms, the United States asserts that § 3553(c) is not applicable in cases in which the sentence does not exceed twenty-four months. In so arguing, the United States misreads § 3553(c).

Section 3553(c) imposes a general burden on a sentencing court to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Subsections (1) and (2) to section 3553(c) impose further specific burdens on a sentencing court where the sentencing-guidelines range exceeds twenty-four months or the district court chooses to impose a sentence outside the sentencing-guidelines range. *See id.* § 3553(c)(1) (district court must state on record reason for imposing sentence at particular point in sentencing range where that range exceeds twenty-four months); *id* § 3553(c)(2) (district court must state on record reason for departing from sentencing guidelines). Despite the United States' assertion to the contrary, this court has concluded that the general requirement set out in § 3553(c) extends to all cases and is not limited by the conditions to applicability of subsections (1) & (2). *See United States v. Underwood*, 938 F.2d 1086, 1091-92 (10th Cir. 1991) ("We agree with the courts that have held that § 3553 subsection (c), without regard to subsections (c)(1) and (c)(2), requires a district court to make a general statement of its reasoning for the sentence imposed. Otherwise, we would be left in a zone of speculation on appellate review." (quotation omitted)); *see also United States v. Lockard*, 910 F.2d 542, 546 (9th Cir. 1990) (cited with approval in *Underwood*) ("We hold that 18 U.S.C. § 3553(c) requires the district court to state, in open court, its general reasons for its imposition of the particular sentence, notwithstanding the absence

-8-

of the conditions described in subsections (1) and (2).").  Any other interpretation of § 3553(c) would read a key word out of the statute.[1]  Accordingly, this court rejects the United States' contention that § 3553(c) is not applicable to this case because neither of Rose's sentences exceeded twenty-four months.[2]

---

[1]The Ninth Circuit has noted as follows in this regard:
> We next consider whether the prefatory language of section 3553(c) nonetheless imposes some general requirement upon the district court [even where neither subsection (1) nor (2) of section 3553(c) is applicable].  The language reads: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, **and**, if the sentence . . . ."  18 U.S.C. § 3553(c) (emphasis added).  If the emphasized "and" were not in the statute, plainly no statement of reasons would be necessary absent either condition set forth in subsections (1) or (2).  However, the "and" exists and must be given meaning: some statement of reasons is required, even if the more specific and detailed reasons of subsections (1) and (2) are not.  We will not read the "and" out of the statute: We avoid any statutory interpretation that renders any section superfluous and does not give effect to all of the words used by Congress.

*United States v. Lockard*, 910 F.2d 542, 545 (9th Cir. 1990) (quotation omitted).

[2]The United States' reliance on *United States v. Garcia*, 919 F.2d 1478 (10th Cir. 1990), is misplaced.  In *Garcia*, this court held that it did not have jurisdiction to review a claim that the district court had erred in sentencing a defendant at a particular point within an otherwise proper sentencing guideline range.  919 F.2d at 1479.  In so holding, the *Garcia* court noted that because the defendant's sentencing range was from one to seven months, the district court was not required to state its reasons for sentencing the defendant **at a particular point within that range**.  *See id.* at 1482 ("Section 3553(c) explicitly contemplates that the district court need not state its reasons for imposing sentence at a particular point unless the applicable range exceeds twenty-four months."); 18 U.S.C. § 3553(c)(1) (providing that if a sentence imposed "is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months," the sentencing court must state on the record "the reason for imposing a sentence at a particular point within the range").  As noted above,

-9-

Upon review of the transcript of the sentencing hearing, this court agrees with the parties that the district court failed to state on the record its reason for imposing consecutive sentences. Although the nature and severity of Rose's violations of the terms of his supervised release would certainly support the imposition of consecutive terms, without any statement at all in the record of the district court's reasoning, this court is left in the "zone of [appellate] speculation." *Underwood*, 938 F.2d at 1091-92. As a consequence, this court is unable to determine whether the district court's decision to impose consecutive terms constituted an abuse of discretion. *See United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995) (holding that district court's decision to impose a consecutive or concurrent sentence under § 3584(a) is reviewed for abuse of discretion). Accordingly, we **VACATE** the imposition of consecutive sentences and **REMAND** to the district court to resentence Rose consistent with the mandate of § 3553(c) as set forth above.[3] In so doing, we reiterate that the

however, § 3553(c) extends to all cases and is not limited by the conditions to applicability of subsections (1) & (2). Accordingly, the limitation on the applicability of § 3553(c)(1) to cases involving sentencing ranges exceeding twenty-four months discussed in *Garcia* is not relevant to the general obligation, contained in § 3553(c), of the district court to state on the record its reasons for imposing a particular sentence.

[3]Rose asserts, without any citation to authority, that the district court's failure to comply with § 3553(c) renders its sentence invalid and entitles him to concurrent terms as a matter of law. This *ipse dixit* assertion is contrary to our precedent. As noted by the United States, the appropriate relief when a district court fails to comply with § 3553(c) is to remand the case to the district court for

district court need not expressly weigh each of the § 3553(a) factors on the record. Instead, the district court need only "consider 18 U.S.C. § 3553(a) en masse and state its reasons for imposing a given sentence." *Burdex*, 100 F.3d at 886; *see also Underwood*, 938 F.2d at 1092 (holding that a district court statement of reasoning pursuant to § 3553(c) "does not have to be particularized").

---

resentencing. *See United States v. Underwood*, 938 F.2d 1086, 1092 (10th Cir. 1991).