**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KELLY GENE STAPP,

Defendant-Appellant.

No. 00-6416
(D.C. No. 00-MD-275)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Judge, **PORFILIO,** and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Kelly Gene Stapp appeals his sentence of twenty-four months' imprisonment, imposed after his supervised release was revoked. We affirm.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant's supervised release was revoked based on his (1) failure to submit urine samples on April 10, 18, and 26, 2000, and May 2, 17, and 22, 2000; (2) failure to notify his probation officer of his change of address; (3) failure to submit monthly reports for March, April, and May of 2000; and (4) commission of a new offense of possessing a controlled substance. Although Policy Statement 7B1.4(a) of the United States Sentencing Guidelines suggested a range of imprisonment from twelve to eighteen months, the district court sentenced defendant to twenty-four months' imprisonment, based on "the violations as enumerated, the substantial disregard of all of those requirements imposed by the terms of supervised release, and . . . nine prior convictions." R. vol. 2 at 4.

Defendant argues that the court did not give adequate reasons for departing from the sentencing guidelines policy statement and that the record does not demonstrate that the court considered the factors listed in 18 U.S.C. § 3553(a). "In reviewing the specific sentence of imprisonment imposed by the district court after revocation of defendant's supervised release and the court's explanation for that sentence, we will not reverse if it can be determined from the record to have been reasoned and reasonable." *United States v. Lee*, 957 F.2d 770, 774 (10th Cir. 1992). Further, the district court is not required to expressly weigh on the record the sentencing factors identified in § 3553(a), and we will assume the court

considered each of the factors absent a contrary indication in the record. *United States v. Rose*, 185 F.3d 1108, 1111 (10th Cir. 1999).

We hold that the district court's reasons for imposing the two-year maximum sentence under 18 U.S.C. § 3583(e)(3) were more than adequate and reasonable, given the number of times defendant violated his supervised release, his extensive criminal history, his total disregard of the supervised release requirements, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a). In addition, we are satisfied that the court considered the sentencing factors set forth in § 3553(a).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge