**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MARCUS WAYNE ADAMS,

      Defendant - Appellant.

No. 02-3131
(D.C. No. 00-CM-40012-DES)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Appellant-Defendant Marcus Wayne Adams appeals from the imposition of a 12-month sentence of imprisonment followed by 12 months of supervised release. Mr. Adams contends that the district court erred by (1) failing to indicate that it considered the factors enumerated in 18 U.S.C. § 3553(a) in determining his sentence, and (2) failing to articulate the reasons for the sentence imposed as

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

required by 28 U.S.C. § 3553(c).  Our jurisdiction arises under 28 U.S.C. § 1291, and we remand to the district court for resentencing.

Mr. Adams was convicted of bank robbery in 1996 and sentenced to 33 months of imprisonment followed by a three-year term of supervised release. After serving his prison sentence, Mr. Adams violated various conditions of his supervision and was taken into custody.  At his revocation hearing, Mr. Adams stipulated to three "Grade C"[1] violations of his supervised release: (1) failure to report to a probation officer, (2) drug use, and (3) failure to participate in substance abuse treatment.  I R. Doc. 20.  Consequently, the district court found that Mr. Adams violated the conditions of his supervised release and revoked his remaining term of supervision.

At the revocation hearing, Mr. Adams presented evidence of the progress he had made during the course of his post-incarceration counseling, as well as his counselor's recommendations for future medical and mental health treatment.  Mr. Adams therefore requested that his supervised release be continued for a period of six months with modifications to the conditions of his supervision consistent with the counselor's treatment recommendations.  While acknowledging that under

---

[1] A "Grade C" violation is defined as any conduct "constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. §7B1.1(a)(3), p.s.

U.S.S.G. §7B1.4(a), p.s., the guideline range for a Grade C violation by a criminal history category I offender was three to nine months, the district court nonetheless sentenced Mr. Adams to 12 months of imprisonment followed by a 12-month term of supervised release.[2] As justification for the sentence, the district court stated only that:

> [t]he Court has considered the nature and circumstances of these violations, the characteristics of the defendant and the sentencing objectives required by statute. The Court has also considered the advisory nonbinding Chapter 7 policy statements issued by the Sentencing Commission. Pursuant to 28 United States Code Section 994 (a) (2) the Court intends to revoke the defendant's supervised release sentence into 12 months confinement. Pursuant to 18 U.S.C. Section 3583 (h) the Court finds that reimposition of 15 months of supervised release is authorized.[3]

II R. at 9-10.

On appeal Mr. Adams does not argue that the district court erred in finding that he violated the terms of his supervised release, or even that the 12-month sentence was unreasonable. Rather, Mr. Adams argues only that the district court failed to indicate that it had considered the factors set forth in 18 U.S.C. §

---

[2] As Mr. Adams concedes, because the policy statements contained in Chapter Seven of the Sentencing Guidelines are merely advisory in nature, see United States v. Hurst, 78 F.3d 482, 483-484 (10th Cir. 1996), upward deviations from the recommended guideline ranges set forth in §7B1.4(a), p.s. are not considered upward "departures" for appellate review purposes. United States v. Burdex, 100 F.3d 882, 885 (10th Cir. 1996).

[3] The district court later reduced the term of supervised release from 15 to 12 months.

3553(a) and that it failed to state the reasons for the sentence imposed as required by 18 U.S.C. § 3553(c).

We review a district court's findings of fact underlying a defendant's sentence for clear error, and review de novo its interpretation of the Sentencing Guidelines. Burdex, 100 F.3d at 884. Moreover, we review de novo whether a district court has adequately set forth the reasons for a particular sentence. See United States v. Wilson, 7 F.3d 828, 839 (9th Cir. 1993).

As to Mr. Adams' § 3553(a) claim, we disagree that the district court failed to consider the factors set forth therein.[4] In construing the mandate under §

---

[4] Section 3553(a) provides that in determining a defendant's sentence, the court "shall consider," *inter alia*, the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   . . . .
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or
   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . .

3553(a), we have held that a district court is "not required to consider individually each of the factors listed in 18 U.S.C. § 3553(a) before issuing a sentence," and that "[a] sentencing court need only consider [§ 3553(a)] en masse and state its reasons for imposing a given sentence." Burdex, 100 F.3d at 886. Here, the district court specifically stated that it considered "the nature and circumstances of [the] violations," the "characteristics of the defendant and the sentencing objectives required by statute," as well as the "nonbinding Chapter 7 policy statements issued by the Sentencing Commission." II R. 9-10. In light of these statements, we are satisfied that the district court properly discharged its obligation under § 3553(a).

Our conclusion that the district court adequately considered the § 3553(a) factors does not, however, end our inquiry. Section 3553(c) further provides that:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—
> . . .
> (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described.[5]

---

[5] Subsection (a)(4) of § 3553 refers to:

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or

(continued...)

18 U.S.C. § 3553(c).

As we stated in United States v. Rose, 185 F.3d 1108, 1111 (10th Cir. 1999), "[s]ection 3553(c) imposes a general burden on a sentencing court to 'state in open court the reasons for its imposition of the particular sentence.'" (citations omitted). Moreover, in the case of a revocation of supervised release where the sentence imposed is of a different kind or is outside the range described in the "applicable guidelines or policy statements," § 3553(c)(2) imposes a further specific obligation on a sentencing court to state the "the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2); see also Rose, 185 F.3d at 1111-1112. Where a district court has failed to comply with § 3553(c), we have consistently held that the proper remedy is to remand to the district court. See e.g., Rose, 185 F.3d at 1113, n.3 (10th Cir. 1999) (holding that "the appropriate relief when a district court fails to comply with §3553(c) is to remand the case to the district court for resentencing."); see also United States v. Wyne, 41 F.3d 1405, 1407 (10th Cir. 1994).

Our review of the record reveals that although the district court considered various factors enumerated under § 3553(a), it stated neither the reasons for its

<hr>

[5](...continued)
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . .

sentence as required by § 3553(c), nor the "specific reason for the imposition of a sentence different from that described [in the policy statements issued by the Sentencing Commission]" as required by § 3553(c)(2). We therefore remand to the district court to resentence Mr. Adams and state on the record the reasons for its sentence. If, on resentencing, the district court once again elects to sentence Mr. Adams beyond the range designated in U.S.S.G. §7B1.4(a), the district court should state the reason for the different sentence as required by 18 U.S.C. § 3553(c)(2).[6]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[6] In so holding, we do not hold that the Mr. Adams' original sentence was unreasonable or that the district court could not adequately state the reasons for the sentence. See United States v. Jackson, 921 F.2d 985, 993 (10th Cir. 1990) (en banc).