**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

HUGO ROSAS-GONZALEZ,

    Defendant-Appellant.

No. 12-5198

(D.C. No. 4:12-CR-00147-GKF-1)
(N. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2012, Hugo Rosas-Gonzalez was charged with illegal reentry, in violation of 8 U.S.C. § 1326, and violation of the terms of his supervised release imposed for previous illegal reentry in 2010. The district court sentenced Rosas-Gonzalez to eighteenth months' imprisonment for the most recent illegal reentry charge and six months' imprisonment for his violation of the terms of his supervised release, to be served consecutively. In this direct appeal, Rosas-Gonzalez argues the district court procedurally erred in denying his Motion for Concurrent Sentence in which he asked the court to order that his six month sentence be served concurrently with his eighteenth month sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

I

In a prior case, Rosas-Gonzalez was sentenced on June 24, 2011, to ten months' imprisonment and two years' supervised release after pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326. R. Vol. 1, at 26-29. As one of the conditions of his supervised release, Rosas-Gonzalez was prohibited from illegally reentering the United States. Id. at 28. Rosas-Gonzalez's period of supervised release began on October 31, 2011. Id. at 23. On June 27, 2012—approximately one year after being sentenced for illegal reentry, six months after being deported, and during his period of supervised release—Immigration and Customs Enforcement (ICE) officials arrested Rosas-Gonzalez for illegal reentry after discovering him working at a

2

construction site in Tulsa, Oklahoma. Id. at 31-32. Thereafter, the government filed a petition to revoke Rosas-Gonzalez's supervised release, and he was again charged with illegal reentry. Id. at 17, 23-24. Rosas-Gonzalez pled guilty to this latest charge of illegal reentry, and he admitted the allegations in the Superseding Order on Supervised Release that he violated the conditions of his release by illegally reentering the United States. Id. at 23-24, 42.

After sentencing Rosas-Gonzalez to eighteen months' imprisonment for the illegal reentry charge, the district court also sentenced Rosas-Gonzalez for violating the terms of his supervised release pursuant to 18 U.S.C. § 3583(e). R. Vol. 2, at 12-13. Given his Criminal History Category of II and the Grade B violation of his conditions of supervised release, Rosas-Gonzalez's sentencing guideline range was six to twelve months' imprisonment. R. Vol. 3, at 4; R. Vol. 2, at 14-15; U.S.S.G. § 7B1.4. Rosas-Gonzalez did not object to the district court's calculation of his sentencing guideline range.

Prior to his sentencing hearing, however, Rosas-Gonzalez filed a motion requesting concurrent sentences pursuant to 18 U.S.C. § 3584(a) based on 18 U.S.C. § 3553(a) factors. R. Vol. 1, at 39-40. Specifically, Rosas-Gonzalez cited his continued employment, duty to his family, and otherwise law-abiding conduct as warranting a concurrent sentence. Id. at 40. At sentencing, Rosas-Gonzalez again asked for concurrent sentences or, alternatively, the "low end of the guideline range." R. Vol. 2, at 15.

3

At the sentencing hearing, the district court recognized that it had discretion to impose a concurrent or consecutive sentence under § 3584(a), and that the Sentencing Guidelines recommended a consecutive sentence. Id. at 17-18. The district court denied Rosas-Gonzalez's motion for concurrent sentences and imposed a six month consecutive sentence for violating the conditions of his supervised release. On appeal, Rosas-Gonzalez argues that the district court failed to consider § 3553(a) factors in determining whether his sentence should be served concurrently, and the district court failed to sufficiently explain its consideration of the § 3553(a) factors when imposing his sentence.[1]

II

Rosas-Gonzalez sought concurrent sentences in a pre-sentencing motion, but "he did not raise the procedural objection[s] he now asserts after the district court imposed sentence." See United States v. Romero, 491 F.3d 1173, 1176 (10th Cir. 2007); R. Vol. 2, at 19-21. Accordingly, we review for plain error. "Under the plain error standard, we may reverse only if a defendant demonstrates (1) error (2) that is plain, (3) that prejudices his substantial rights, and (4) that

---

[1] In his appellate brief, Rosas-Gonzalez sets forth only one issue: "Whether the district court, while denying a motion for concurrent sentencing, committed procedural error by failing to consider 18 U.S.C. § 3553(a) sentencing factors and reasons submitted in the motion." Aplt. Br. at 1. However, in his brief, Rosas-Gonzalez also indicates the district court failed to sufficiently articulate its reasons for sentencing. See, e.g., id. at 13 (discussing the district court's failure to "make a record" of its consideration of the § 3553(a) factors). Regardless, we will address both points.

seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mendiola, 696 F.3d 1033, 1036 (10th Cir. 2012) (quotation omitted). Because we discern no error in the district court's sentencing of Rosas-Gonzalez, we need not look beyond the first prong of plain error. See United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012).

## III

Pursuant to 18 U.S.C. § 3583, a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." Id. § 3583(e). When determining "whether to revoke a term of supervised release and . . . the sentence imposed after revocation," the district court is required to consider the factors articulated in 18 U.S.C. § 3553(a). See United States v. McBride, 633 F.3d 1229, 1231-32 (10th Cir. 2011); 18 U.S.C. § 3583(e). These factors include the characteristics of the offense and defendant, deterrence, protection of the public, as well as applicable guidelines and policy statements by the Sentencing Commission. 18 U.S.C. § 3553(a). Section 7B1.3 of the Sentencing Guidelines states the following:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

5

U.S.S.G. § 7B1.3(f). Under 18 U.S.C. § 3584(a), a district court has discretion to impose concurrent or consecutive sentences. United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1256 (10th Cir. 2006).

When imposing a sentence, a district court is required by 18 U.S.C. § 3553(c) to provide a general statement of "the reasons for its imposition of the particular sentence." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007) (quotation omitted); see United States v. Rose, 185 F.3d 1108, 1111-13 (10th Cir. 1999) (applying § 3553(c) to a sentencing for revocation of supervised release). However, "the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a [within-Guidelines] sentence." Rodriguez-Quintanilla, 442 F.3d at 1258 (quotation omitted)); 18 U.S.C. § 3553(c).

Rosas-Gonzalez argues that the district court procedurally erred by simply applying the Guidelines, U.S.S.G. § 7B1.3(f), without consideration of the § 3553(a) factors or consideration of the arguments raised in his motion. Specifically, Rosas-Gonzalez argues that the district court failed to consider the following mitigating factors during his sentencing hearing: Rosas-Gonzalez had committed no new crime other than reentry; he was employed as a construction worker and was supporting his family; and, a significant other reported him to immigration officials. Aplt. Br. at 5. Additionally, throughout Rosas-Gonzalez's opening brief, he asserts that the district court did not explicitly reference §

6

3553(a) sentencing factors or the individual mitigating factors raised in his motion. After reviewing the sentencing transcript, however, it is clear that the district court did consider § 3553(a) factors and Rosas-Gonzalez's arguments in ruling on his motion.

During the sentencing hearing, Rosas-Gonzalez reiterated that the mitigating factors he argued warranted a concurrent sentence. R. Vol. 2, at 15 (citing his "gainful[] employ[ment]," and commission of no "new offenses"). Thereafter, the district court explicitly stated that it reviewed and considered Rosas-Gonzalez's motion and the § 3553(a) factors. Id. at 16-17 (stating that it "reviewed the defendant's motion for a concurrent sentence" and "consider[ed] the factors set forth in . . . section 3553(a) and chapter 7 of the sentencing guidelines," as well as "the nature of this violation and the history and characteristics of the defendant").

Following that statement, the district court denied Rosas-Gonzalez's motion for concurrent sentences, "[a]fter taking into consideration all of the aforementioned." Id. at 18 (emphasis added). The district court also stated as a reason for imposing consecutive sentences "the fact that the defendant ha[d] repeatedly illegally re-entered the United States."[2] Id.; see 18 U.S.C. § 3553(a)(2)(B) (listing the need to "afford adequate deterrence to criminal

---

[2] At the time of sentencing, Rosas-Gonzalez had previously illegally reentered the United States on two separate occasions. R. Vol. 1, at 32.

7

conduct" as one sentencing factor). Based on those statements, it is clear the district court did not "'rest on the guidelines alone.'" See Aplt. Br. at 9 (quoting United States v. Sanchez-Juarez, 446 F.3d 1109, 1117 (10th Cir. 2006)). In light of the district court's explicit reference to the statutory factors and Rosas-Gonzalez's motion, the district court did not "automatic[ally]" apply § 7B1.3(f) without consideration of § 3553(a) factors. Id. at 11.

Nor is this a case where we are left "simply to assume" the sentencing court's reasons for imposition of a particular sentence. See Sanchez-Juarez, 446 F.3d at 1116; see also United States v. Cereceres-Zavala, 499 F.3d 1211, 1217 (10th Cir. 2007) (finding no plain error when district court cited "the PSR's calculation method and recitation of the suggested imprisonment range" even though "the sentencing court provided no direct response at all to [the defendant's] requests for departure"). The district court's previously described statements at sentencing were sufficient to satisfy § 3553(c). United States v. Lente, 647 F.3d 1021, 1034-35 (10th Cir. 2011) (quotation omitted) (describing the requirement that a district court provide at least a general statement of its reasons for the within-Guidelines sentence imposed, but it "need not explicitly refer to either the § 3553(a) factors or respond to every argument for leniency that it rejects in arriving at a reasonable sentence"). Contrary to Rosas-Gonzalez's assertion, the district court is not required to specifically discuss each § 3553(a) factor. See Ruiz-Terrazas, 477 F.3d at 1202. Because the district court

8

sufficiently explained the sentence imposed and considered the relevant sentencing factors in addressing Rosas-Gonzalez's motion for concurrent sentences, it did not procedurally err in sentencing Rosas-Gonzalez.

IV

Affirmed.

Entered for the Court


Mary Beck Briscoe
Chief Judge