FILED
United States Court of Appeals
Tenth Circuit

March 25, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEIL PETTIGREW,

Defendant - Appellant.

No. 13-1304
(D.C. No. 1:06-CR-00136-WYD-1)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

_____

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and Appellant, Neil Pettigrew, appeals the sentence imposed upon him following the violation of his supervised release. Finding his sentence neither procedurally nor substantively unreasonable, we affirm that sentence.

## BACKGROUND

Mr. Pettigrew's initial contact with the criminal justice system occurred in 2006. At that time, while driving a car under the influence of alcohol, he lost control and caused an accident that resulted in the death of his younger brother. He was charged with and convicted of involuntary manslaughter. In addition to serving a term of imprisonment, Mr. Pettigrew was sentenced to a three-year term of supervised release. That first term of supervised release commenced in April 2009.

Throughout that first term of supervised release, Mr. Pettigrew struggled to remain sober. Due to his noncompliance with the conditions of his supervised release, the original conditions were modified twice. In October 2010, after his third incident involving excessive use of alcohol and failure to participate in a substance abuse treatment program, Mr. Pettigrew's supervised release was revoked. He was sentenced to five months' imprisonment, followed by thirty-one months of supervised release, which began in December 2010.

In May 2011, his supervised release conditions were modified to include, as a special condition, that he reside in a residential reentry center for up to 120

days.  In November 2011, Mr. Pettigrew's supervised release was revoked for a second time.  He was then sentenced to eight months' confinement, followed by a third term of supervised release, which began in April 2012.

In August 2012, a Farmington, New Mexico, police officer responded to a "suspicious situation" at a local general store.  Attachment to Supp. Pet.; R. Vol. 1 at 18.  The officer encountered Mr. Pettigrew, apparently staggering and under the influence of alcohol.  The police officer decided to transport Mr. Pettigrew to a detox facility for his safety.  While en route, Mr. Pettigrew "became hostile and called the officer profane names." Id.  When they arrived, Mr. Pettigrew "swung his fist at the officer," which resulted in a scuffle. Id.  After he was handcuffed, Mr. Pettigrew continued to be "resistive and combative." Id.

Mr. Pettigrew pled guilty to Battery Upon a Peace Officer, in violation of New Mexico law.  He was sentenced to eighteen months' imprisonment, followed by a one-year term of mandatory parole.  The New Mexico state court ordered this state sentence to run concurrently with Mr. Pettigrew's federal sentence for violating his supervised release (the sentence at issue in this case).

In preparation for sentencing in federal court on the federal revocation charge, Mr. Pettigrew's probation officer filed a Supervised Release Violation Report ("PSR"), R. Vol. 2 at 4.  The PSR characterized the state battery conviction as a Grade A violation for purposes of sentencing under the advisory United States Sentencing Commission, Guidelines Manual ("USSG")

§ 7B1.1(a)(1). With a criminal history category of III, the PSR determined that Mr. Pettigrew's advisory Guidelines sentencing range was eighteen to twenty-four months. The PSR noted that the district court had the discretion to impose the revocation sentence to run concurrently or consecutively to the state sentence for the underlying offense (in this case, the battery conviction). The PSR further noted that the state court had ordered the state sentence to run concurrently with his federal revocation sentence, but explained that the district court "is not bound by this [state court] judgment." PSR at 8; R. Vol. 2 at 11. The PSR ultimately recommended an eighteen-month sentence, to be served consecutively or partially consecutively to the state court battery conviction sentence.

Mr. Pettigrew admitted both supervised release violations contained in the PSR (use of alcohol and the battery conviction), but he filed an Objection to Supervised Release Violation Report. R. Vol. 1 at 19. In that Objection, he argued that the battery conviction was not a crime of violence and was, therefore, properly characterized as a (less serious) Grade B violation for purposes of determining a revocation sentence under the Guidelines.

At Mr. Pettigrew's Supervised Release Violation Hearing, the district court listened to arguments from defense counsel, the government, and the probation office, and it reviewed the statutory language, the Guidelines, and Mr. Pettigrew's conduct. The court overruled Mr. Pettigrew's objection to the categorization of

the battery conviction as a Grade A violation of his supervised release.[1]  The

court then imposed an eighteen-month sentence, to be served consecutively to the

state court battery sentence.  Arguing that this sentence is procedurally and

substantively unreasonable, Mr. Pettigrew appeals.

## DISCUSSION

We now review federal sentences for reasonableness, applying a deferential

abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007);

United States v. Lente, 647 F.3d 1021, 1030 (10th Cir. 2011).  "Our review

proceeds in two steps.  First, we must 'ensure that the district court committed no

significant procedural error.'"  Lente, 647 F.3d at 1030 (quoting Gall, 552 U.S. at

51)).  If we conclude that the sentence is procedurally reasonable, we then

"consider the substantive reasonableness of the sentence imposed."  Gall, 552

U.S. at 51.  Mr. Pettigrew challenges both the procedural and substantive

reasonableness of his sentence.  We address each in turn.

**I. Procedural Reasonableness:**

"In general, a procedural challenge relates to the 'method by which the

sentence is calculated.'"  Lente, 647 F.3d at 1030 (quoting United States v.

Wittig, 528 F.3d 1280, 1284 (10th Cir. 2008)).  The Supreme Court in Gall

identified the following procedural errors:  "failing to calculate (or improperly

---

[1]This decision has not been appealed.

calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. ]§ 3553(a) factors, [and] selecting a sentence based on clearly erroneous facts." Gall, 552 U.S. at 51. A defendant may also challenge the procedural reasonableness of a sentence when the district court has "failed to adequately explain the chosen sentence." Lente, 647 F.3d at 1030.

Mr. Pettigrew argues his sentence is "plainly procedurally unreasonable because the district court failed to consider the applicable sentencing factors and to explain why it imposed a consecutive sentence." Appellant's Br. at 11. He concedes he failed to contemporaneously object to this claimed procedural error, and so our review is for plain error only. "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Warren, 737 F.3d 1278, 1285 (10th Cir. 2013).

We have stated that a "district court commits a procedural sentencing error by failing to consider sentencing factors enumerated in 18 U.S.C. § 3553(a) or by failing to offer an individualized assessment of how the factors apply in a particular criminal defendant's case." United States v. Chavez, 723 F.3d 1226, 1232 (10th Cir. 2013). This obligation applies also when a court decides whether to impose a consecutive or concurrent sentence. Id.; see United States v. Rose, 185 F.3d 1108, 1112-13 (10th Cir. 1999); 18 U.S.C. § 3584(b).

We have explained this obligation more fully, however, as follows:

> Where a district court imposes a sentence falling within the range suggested by the Guidelines, Section 3553(c) requires the court to provide only a general statement of the reasons for its imposition of the particular sentence. This generalized statement need involve no ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to prove that it considered the various factors Congress instructed it to consider. We will only step in and find error when the record gives us reason to think that our ordinary presumption that the district judge knew and applied the law is misplaced.

Id. (quoting United States v. Benally, 541 F.3d 990, 996-97 (10th Cir. 2008)).

When imposing a sentence following revocation of supervised release, a district court must also consider the Guidelines Chapter 7 policy statements. See United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006).

We agree with the government that, although the district court did not explicitly reference § 3553(a) or Chapter 7 at the sentencing hearing, the record as a whole makes it clear that the court considered the relevant factors and made an individualized assessment when deciding to have Mr. Pettigrew's sentence run consecutively to his state sentence. The PSR specifically discussed the consecutive-vs-concurrent sentence issue, stating:

> Pursuant to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

PSR at 4; R. Vol. 2 at 7 (quoting USSG § 7B1.3(f)). But the PSR also made clear that § 7B1.3(f) is merely an advisory policy statement, which did not limit the

-7-

court's discretion. The PSR further reminded the court that it must consider the § 3553(a) sentencing factors as well as the Guideline policy statements in selecting a sentence and determining whether it ran concurrently or consecutively. And, as indicated above, the PSR ultimately recommended a consecutive, or at least partially consecutive, sentence to reflect the severity of Mr. Pettigrew's criminal conduct. Given the extensive argument concerning the consecutive versus concurrent issue, we are convinced of the clarity of the district court's reasoning.

Similarly, we are confident that the court performed its duty of considering the § 3553(a) sentencing factors and Guideline policy statements when imposing its within-Guidelines sentence. The court stated it had "heard from everybody who wishe[d] to make a statement" and was "taking those comments, as well as the defendant's statement into account." Tr. of Sup. Release Violation Hr'g at 30; R. Vol. 3 at 33. As we observed in another similar case, "[t]he court heard several different arguments regarding the appropriate sentencing range and was obviously familiar with the facts of the case. We will not make the useless gesture of remanding for reconsideration when Defendant was aware at sentencing that all relevant factors would be considered by the court." United

States v. Rines, 419 F.3d 1104, 1107 (10th Cir. 2005). We perceive no plain procedural error in the district court's calculation of Mr. Pettigrew's sentence.

## II. Substantive Reasonableness:

As both parties acknowledge, a district court has the discretion to impose consecutive or concurrent sentences. 18 U.S. C. § 3584(a). Furthermore, as indicated above, the Guidelines policy statements urge that a "term of imprisonment upon the revocation of . . . supervised release shall be . . . served consecutively." USSG § 7B1.3(f). A sentence imposed within the properly-calculated Guideline range, including a sentence imposed for revocation of supervised release, is accorded a rebuttable presumption of reasonableness. United States v. McBride, 633 F.3d 1229, 1232-33 (10th Cir. 2011). The presumption may, of course, be rebutted "'by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C. ] § 3553(a).'" Id. at 1233 (quoting United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006)).

"In considering whether a defendant's sentence is substantively reasonable, we examine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."

<u>Chavez</u>, 723 F.3d at 1233 (further quotation omitted).[2]  After considering those factors, we find Mr. Pettigrew has failed to rebut the presumption of reasonableness accorded his sentence.

He asserts that the sentence is "too long because the district court unduly discounted the disease-like nature of Mr. Pettigrew's alcoholism and gave him no credit for his recent progress in treatment."  Appellant's Op. Br. at 23.  He then supposes that the only explanation for this sentence is "a punitive one."  Id. at 24.  But this ignores the fact that this case represents the third time Mr. Pettigrew's supervised release has been revoked.  As the government stated, "[d]espite . . . progressively longer periods of incarceration, Mr. Pettigrew still lacks the motivation to comply with the conditions of his supervised release and maintain his sobriety."  Appellee's Br. at 21-22.  He has demonstrated a proclivity to become violent and dangerous when drinking and an inability to abide by conditions designed to help him address his alcoholism.  In short, Mr. Pettigrew's sentence is substantively reasonable.

---

[2]Mr. Pettigrew points out to us the difficulty of applying a standard of review like "abuse of discretion," noting that our own court has observed that it is "not altogether free from interpretation."  <u>United States v. McComb</u>, 519 F.3d 1049, 1053 (10th Cir. 2007).  Nonetheless, as we further stated in <u>McComb</u>, "it is a standard we have long familiarity with applying, and one which we have traditionally understood to mean that we will reverse a determination only if the court 'exceeded the bounds of permissible choice,' given the facts and the applicable law in the case at hand."  Id. (quoting <u>United States v. Ortiz</u>, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986)).

**CONCLUSION**

For the foregoing reasons, finding Mr. Pettigrew's sentence procedurally and substantively reasonable, we AFFIRM that sentence. We DENY his motion to supplement the record.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge