FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN ALBERTO MORALES,

    Defendant - Appellant.

No. 15-1430
(D.C. No. 1:15-CR-00055-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, BALDOCK** and **MURPHY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

    Juan Alberto Morales, who is serving a state sentence, raises a single issue in this direct appeal: he argues that the district court procedurally erred by

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

inadequately explaining its decision to impose a consecutive sentence. We affirm.

**I**

In 2014, Morales pleaded guilty to state charges of attempted sexual assault and second-degree assault. He was sentenced to eight years of supervised probation. While on probation, Morales was involved in an incident in which he fired a firearm multiple times into the air during a verbal altercation. As a result of this incident, his probation was revoked, and he was sentenced to twelve- and six-year sentences to be served concurrently.

The same firearm incident also resulted in the federal charge underlying the sentence now appealed. Morales was charged with possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pursuant to a plea agreement, Morales pleaded guilty to this charge.

Morales's Presentence Report calculated his Guideline range at 77 to 96 months. At sentencing, each party presented arguments regarding the appropriate length of sentence and whether his sentence should be served concurrently or consecutively to his state term. The district court imposed a 96-month consecutive sentence. The court relied on several factors, including the fact that Morales's criminal history indicated that his recurring short sentences for past offenses had left him undeterred. The court noted Morales's history of poor performance under court supervision, his apparent lack of "reflection" prior to

2

committing "brazen" crimes with high probabilities of being caught, the escalating nature of his offenses, and the danger he poses to the public. ROA Vol. 3 at 53–54. On the mitigating side of the ledger, the court also considered Morales's personal history, including his "terrible childhood" and his promising commitment to care for his own children. Id. at 55. But, on balance, the district court concluded that Morales's extensive criminal history and the nature of his offenses outweighed these mitigating influences. The court's overriding concern for the public's safety was foremost in its sentencing decision.

Specific to its decision to impose a consecutive sentence, the district court stated:

> That is going to lead to a harsh result, but I simply -- I think that running them concurrently would be an injustice. He got those sentences because he deserved those sentences. And I think just receiving a concurrent sentence in this case I don't think is appropriate at all, not when they are distinct conduct, not when they are conduct which is in and of itself in this case extremely concerning.

Id. at 57.

## II

Morales concedes that he did not raise his procedural challenge in the district court, and we therefore review only for plain error. United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012). Morales may "obtain relief under the plain-error doctrine only if . . . (1) the district court committed error; (2) the error was plain—that is, it was obvious under current well-settled law; (3) the

3

error affected [his] substantial rights; and (4) 'the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.'" Gantt, 679 F.3d at 1246 (quoting United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005)) (internal alterations omitted). "Because all four requirements must be met, the failure of any one will foreclose relief and the others need not be addressed." Id.

### III

Morales only challenges the procedural reasonableness of the district court's decision to impose his sentence consecutive to his current state sentence. The decision to impose sentences consecutively or concurrently is left to the discretion of the district court. Setser v. United States, 132 S. Ct. 1463, 1468 (2012); see 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ."). "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), including its decision to impose a concurrent or consecutive sentence, United States v. Chavez, 723 F.3d 1226, 1232 (10th Cir. 2013).

In determining whether to impose a concurrent or consecutive sentence, district courts must consider the factors enumerated in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b). Most relevant to Morales's case, the § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and

4

characteristics of the defendant; [and]

(2) the need for the sentence imposed–

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct; [and]

> (C) to protect the public from further crimes of the defendant[.]

18 U.S.C. § 3553(a).

"A district court commits a procedural sentencing error by failing to consider sentencing factors enumerated in 18 U.S.C. § 3553(a) or by failing to offer an individualized assessment of how the factors apply in a particular criminal defendant's case." Chavez, 723 F.3d at 1232 (citing Gall v. United States, 552 U.S. 38, 50–51 (2007)). But "the district court need not expressly weigh each of the § 3553(a) factors on the record. Instead, the district court need only 'consider 18 U.S.C. § 3553(a) en masse and state its reasons for imposing a given sentence.'" United States v. Rose, 185 F.3d 1108, 1113 (10th Cir. 1999) (quoting United States v. Burdex, 100 F.3d 882, 886 (10th Cir. 1996)). "[A]bsent a contrary indication in the record, this court will assume that a district court weighed each of the sentencing factors set forth in § 3553(a) in exercising its discretion pursuant to § 3584, even where the district court does not explicitly so state at the sentencing hearing . . . ." Id. at 1111.

The Supreme Court has addressed the sentencing judge's responsibility to

5

explain its reasons for selecting the sentence imposed.  The Court has explained that "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. . . .  The law leaves much, in this respect, to the judge's own professional judgment."  Rita v. United States, 551 U.S. 338, 356 (2007).  "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  Id.; see also Gall, 552 U.S. at 50 (requiring district courts to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing").

In Rita, the Supreme Court considered, and rejected, the defendant's argument that the following oral explanation for imposing a sentence within the Guidelines range, rather than applying a downward departure, was inadequate:

> [T]he judge concluded that he was "unable to find that the report's recommended sentencing guideline range is an inappropriate guideline range for that, and under 3553 the public needs to be protected if it is true, and I must accept as true the jury verdict."  The court concluded:  "So the [c]ourt finds that it is appropriate to enter" a sentence at the bottom of the Guidelines range, namely, a sentence of imprisonment "for a period of 33 months."

551 U.S. at 338, 345 (internal alterations and citations omitted) (quoting appendix).  The Court noted that "[t]he record ma[de] clear that the sentencing judge listened to each argument" from the defendant in favor of a downward departure, including mitigating factors.  Id. at 358.  "The judge then simply found

6

these circumstances insufficient to warrant a sentence lower than the Guidelines range . . . . He said that this range was not 'inappropriate.'" Id. Acknowledging that "the judge might have said more," the Court nonetheless found this level of explanation "legally sufficient" based on "context and the record." Id. at 358–59.

In Chavez, under plain error review, we found a similarly brief explanation sufficient for the imposition of a consecutive sentence. Although the defendant and the government agreed that the defendant should serve his federal sentence concurrent to an impending state sentence, the district court stated that "there need to be consequences" for a violation of federal law "independent of the consequences that might flow from the violation of a state law." Chavez, 723 F.3d at 1229 (internal alterations omitted) (quoting record). The district court explained that, in Chavez's case, it did "not believe that it is appropriate for this sentence to be concurrent to a state charge." Id. at 1230 (quoting record). On this record, we "f[ou]nd nothing . . . to overcome our presumption that the district court weighed each of the § 3553(a) factors" because its statements "relate[d] to a number of the factors . . . , including the seriousness of Chavez's offense, the need to promote respect for the law, and the need to afford adequate deterrence for separate violations of federal law." Id. at 1233.

Morales argues that the district court plainly erred because the portion of the court's explanation specific to consecutive sentencing was inadequate. He points out that the district court did not specifically mention 18 U.S.C. §

7

3584(b)'s requirement that it consider the factors in 18 U.S.C. § 3553(a), and that the court did not state that it had considered those factors with respect to consecutive sentencing. He argues that the court's discussion of § 3553(a) factors immediately prior to its imposition of the consecutive sentence "at most explained the court's decision to impose a sentence at the top of the Guidelines range; it did not justify the decision" to also impose that term consecutively. Aplt. Br. at 8 n.3. As a result, Morales contends that this court has "no information with which to conduct a 'meaningful appellate review,'" in contravention of Supreme Court precedent. Aplt. Br. at 8 (quoting Gall, 552 U.S. at 50).

We disagree. When the district court's statements specific to consecutive sentencing are properly viewed in the context of its entire statement, it becomes clear that the court thoroughly considered the § 3553(a) factors. As in Rita, the district judge listened thoroughly to Morales's argument, and "then simply found these circumstances insufficient" to justify the imposition of the sentence requested. See Rita, 551 U.S. at 358 (discussing the district court's consideration of the defendant's argument for a downward departure). The district court discussed the nature of Morales's prior convictions and the apparent failure of those sentences to deter his criminal behavior, Morales's personal history and potential mitigating factors in his past, and the need to protect the public. The court particularly noted the "extremely concerning" nature of Morales's dangerous conduct. ROA Vol. 3 at 57. The court concluded that Morales

8

"deserved" the independent sentences for his state and federal crimes because each sentence punished distinct conduct, and that it would be "an injustice" and "not appropriate at all" to run those sentences concurrently.  Id.

It is evident that the district court considered "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense . . . and to provide just punishment for the offense," and the need "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).  Although the district court did not speak to *every* factor on the record, it need not do so.  Rose, 185 F.3d at 1113.  On this record, we are convinced that the district court "consider[ed] 18 U.S.C. § 3553(a) en masse and state[d] its reasons for imposing a given sentence," id. (quoting Burdex, 100 F.3d at 886), sufficient to allow for "meaningful appellate review," Gall, 552 U.S. at 50.  Nothing in this record contradicts the "assum[ption] that a district court weighed each of the sentencing factors set forth in § 3553(a) in exercising its discretion pursuant to § 3584."  See Rose, 185 F.3d at 1111.

The district court therefore did not commit plain procedural error in its explanation of Morales's sentence.  Because Morales cannot satisfy the first two elements of plain error review, we need not address the remaining elements.  See Gantt, 679 F.3d at 1246.

9

**IV**

The judgment of the district court is affirmed.

Entered for the Court

Mary Beck Briscoe
Circuit Judge